IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY WEST, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-3185 |
| | : | |
| STATE FARM INSURANCE COMPANY, | : | |
| | : | |
|     Defendant. | : | |

**Jones, II    J.**                                                             August 11, 2016

### **MEMORANDUM**

Plaintiff brought suit against Defendant, his insurer, for failure to provide benefits under the Uninsured/Underinsured Motorist Coverage in his policy. (Amended Compl., Dkt No. 7 [hereinafter AC].) Plaintiff alleges two causes of action: (Count I) Defendant breached the coverage provision of the policy (AC ¶¶ 31-41), (Count II) Defendant violated Pennsylvania's statutory requirement of good faith specific to insurance coverage, 42 Pa. C.S. § 8371 *et seq*. (AC ¶¶ 42-65.) Defendant moved to dismiss Count II for failure to state a claim. (Mot. to Dismiss, Dkt No. 9 [hereinafter MTD].) Plaintiff responded with a request to amend the Amended Complaint and to deny the Motion to Dismiss. (Pl.'s Resp. to Mot. to Dismiss, Dkt No. 11; Pl.'s Mem. of Law in Support of Resp. to Mot. to Dismiss, Dkt No. 11 [hereinafter Resp.].)

The Court grants Plaintiff's request to Amend the Complaint.[1] Further, upon

---

[1] The Amended Complaint is thus AMENDED to reflect that the "WHEREFORE" clause of Count II of the Amended Complaint shall read as follows:
    WHEREFORE, plaintiff demands judgment in his favor and against defendant, for punitive damages and attorney fees in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

1

consideration of said Amended Complaint, and the full record, the Court grants Defendant's Motion to Dismiss Count II. Count II is dismissed without prejudice. Plaintiff is granted thirty (30) days to file a Second Amended Complaint. Should Plaintiff fail to file said amendments, the claim will be dismissed with prejudice.

### I. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

### II. Background

Tony West ("Plaintiff") filed suit against his insurer, State Farm Mutual Automobile Insurance Company ("Defendant"), relating to an incident where Plaintiff was rear-ended by an unknown and, therefore, uninsured driver. (AC ¶ 10.) There is no liability issue; it is undisputed that the unknown/uninsured driver caused the accident. (AC ¶ 26.) As a result of this accident, Plaintiff suffered serious injuries to his back, neck, and head, among other ailments. (AC ¶ 15.)

Plaintiff demands damages for pain and suffering as well as economic loss. (AC ¶ 16.) Plaintiff had an insurance policy ("the Policy") with Defendant which contained Uninsured/Underinsured Motorist Coverage. (AC ¶ 18.)

On July 1, 2015, attorneys for Plaintiff advised Defendant via letter of Plaintiff's Uninsured/Underinsured Motorist Coverage claim (the "UIM claim"). (AC ¶ 21.) On September 16, 2015, Plaintiff spoke with Defendant's adjuster on a conference call about the details of the incident. (AC ¶ 22.) On October 21, 2015, Plaintiff submitted all relevant medical records and bills (totaling $8,232.00) to Defendant related to the UIM claim. (AC ¶¶ 23-25.) On January 5, 2016, Defendant made an initial offer of $1,000 to settle Plaintiff's UIM claim. (AC ¶ 27.) From that date and through the date of this Order, Defendant has refused to compensate Plaintiff for the full value of Plaintiff's UIM coverage. (AC ¶¶ 27-29.)

### III. Discussion

In Count Two, Plaintiff alleges that Defendant acted in bad faith by offering Plaintiff only $1,000 to settle his UIM claim. (AC ¶¶ 51-52, 62-65.) To recover for bad faith under § 8371, a two-part test inquires: (1) whether the insurer lacked "a reasonable basis for denying benefits under the policy" and (2) whether the insurer "knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994); *see also Atiyeh v. National Fire Ins.Co. of Hartford*, 742 F.Supp.2d 591, 598 (E.D. Pa. 2010) (internal citations omitted). Plaintiff must prove this by "clear, direct, weighty and convincing" evidence. *Mattia v. Allstate Ins. Co.*, 2014 WL 2880302, at *4 (E.D. Pa. 2014) (internal citations omitted)). "Although the insurer's conduct need not be fraudulent, 'mere negligence of bad judgment is not bad faith.'" *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d

493, 501 (Pa. Super. Ct. 2004)).

Plaintiff argues that the offer of $1,000 to settle $8,232.00 worth of medical bills shows bad faith. The Court finds that these facts are not sufficient, as a matter of law, to sustain a claim for bad faith. Plaintiff has not presented facts to show that Defendant "knew or recklessly disregarded its lack of reasonable basis in" in offering a "low-ball" offer. A "low-ball" offer alone does not suffice to support a claim for bad faith. "[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009) (citing *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1142 (Pa. Super. 2006)). "[T]he failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (non-precedential).

Plaintiff's claim that Defendant "recklessly disregarded its own lack of a reasonable basis in making such a low offer for settlement of plaintiff's uninsured motorist claim," (AC ¶¶ 61-62), is a conclusory statement not sufficient to establish bad faith. Plaintiff presents no evidence to show that the $1,000 was made in bad faith, rather than made as part of the ordinary course of negotiations between insurers and insureds. Plaintiff seems to argue that the $1,000 offer, out of $8,232.00 claimed, and a policy of $25,000, is facially unreasonable. However, "even if the offer was facially unreasonable, that does not prove that [the insurance company] acted in bad faith – rather, it might have negligently failed to investigate and evaluate, leading to an unreasonable settlement offer." *Sypeck v. State Farm Mut. Auto Ins. Co.*, 2012 WL 2239730, at *3 (M.D. Pa. 2012).

Plaintiff encourages the Court to review *Schifino v. Geico Gen. Ins. Co.*, 2012 WL 6552839 (W.D. Pa. 2012). In *Schifino*, the plaintiff made a UIM claim in the amount of

$300,000. *Id.* at *1. His insurer offered him $10,000, and then $13,000. *Id.* Plaintiff presented numerous actions and inactions of his insurer to support his bad faith claim, including that the claims representative relied on police reports alone instead of requesting photographs of the vehicles or damage estimates, the claims representative did not investigate the plaintiff's pre-existing conditions, the cause of his surgeries, or his post-surgery treatments, and the defendant never had the plaintiff's medical records reviewed by an in-house doctor or nurse. *Id.* at *4. This case is inapposite of the case before this Court. In this case, Plaintiff has presented no allegations about any actions or inactions taken by Defendant to show bad faith. Plaintiff only points to Defendant's offer of $1,000. For the reasons set forth *supra*, this offer, even if it is "low-ball," or facially unreasonable, is not alone sufficient to support a claim for bad faith.

**IV.    Conclusion**

Plaintiff has failed to allege facts sufficient to sustain a claim for bad faith. Because amendment could cure these deficiencies, the Court grants Plaintiff thirty (30) days from the date of this Order to file a Second Amended Complaint.